Dear Mr. D'Angelo:
Your inquiry of recent date prompts our review of the jurisdiction of the East Jefferson Levee District Police Officers. Concerning same, LSA-R.S. 38:326 provides:
 A. Any levee district or levee and drainage district may, at the discretion of its boards of commissioners, employ one or more persons as levee district or levee and drainage district police officers. Those persons who are designated levee district or levee and drainage district police officers in accordance with this Section are responsible for maintaining order and exercising general police power on and off the levees, within the area of the levee district or levee and drainage district, and upon its surrounding waters. Each such person named as a police officer by the president of the levee district or levee and drainage district shall be commissioned as a peace officer by the president of the levee district or levee and drainage district shall be commissioned as a peace officer by the Department of Public Safety and Corrections. Such commission shall remain in force and effect at the pleasure of the president of the levee district or levee and drainage district and the Department of Public Safety and Corrections subject to applicable civil service regulations. These police officers shall have the right to exercise the power of arrest as peace officers, according to law, within the area of their jurisdiction as provided herein. Each such police officer shall execute a bond in the amount of ten thousand dollars in the favor of the state of Louisiana for the faithful performance of his duties. The premium on the bond shall be paid by the levee district or levee and drainage district. Additionally, each board shall obtain police liability insurance in an amount appropriate to each individual district. The provisions of this Section shall not entitle any such police officer to state supplemental pay.
 B. Any person arrested by a levee district or levee and drainage district police officer in the exercise of his powers shall be immediately transferred by such officer to the custody of the sheriff or city police within whose jurisdiction the arrest occurs.
 C. No person except a commissioner may be commissioned as a levee district or levee and drainage district police officer unless prior to such commissioning the person has, as a minimum requirement, completed and graduated from the six-week program of basic law enforcement training at Louisiana State University and Agricultural and Mechanical College or possesses equivalent training and experience.
 D. All levee board or levee and drainage board police forces existing on the effective date of this Section may remain in effect and shall retain the general powers, duties, functions, and authorities in effect at that time.
There does not appear to be any existing state statute which would prohibit an off-duty levee police officer to contract with a private employer to perform security work. Further, the levee district police officer, as a peace officer commissioned by the Department of Public Safety and Corrections, retains his authority to enforce all state laws while off-duty, but only within his jurisdiction pursuant to LSA-R.S. 38:326.
We would note that the levee district may be subjected to potential liability for the actions of the levee district police officer during his off-duty hours. The case of Cheatham v.Lee, 277 So.2d 513 (La.App. 1st Cir. 1973), rehearingden., 279 So.2d 696 (La. 1973), stands for the proposition that an employer may be held liable for tortious conduct committed by an off-duty uniformed employee.
This case may be applicable to your situation, and we enclose a copy for your review.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Mr. Salvatore J. D'Angelo President, Board of Levee Commissioners of the East Jefferson Levee District 203 Plauche Court Harahan, La. 70123
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL